# EXHIBIT A



# SUMMONS AND RETURN OF SERVICE

COURT ADDRESS: 2 WOODWARD AVENUE, DETROIT, MICHIGAN 48226

COURT TELEPHONE NO. (313) 224-

THIS CASE ASSIGNED TO JUDGE: John H. Gillis, Jr.   Bar Number: 28527

| PLAINTIFF | | DEFENDANT |
|---|---|---|
| TRAVIS, FRED | VS | ADT SECURITY SERVICES INC |

PLAINTIFF'S ATTORNEY

Hamburger, Robert L.
(P-14570)
5120 Simpson Lake Rd
West Bloomfield, MI 48323-3433
(248) 496-7677

Customer Relations
10550 Deerwood Park
Bldg 400
Jacksonville, FL
32256

| CASE FILING FEE | JURY FEE |
|---|---|
| Paid | No Jury Demand |

| ISSUED | THIS SUMMONS EXPIRES | DEPUTY COUNTY CLERK |
|---|---|---|
| 03/22/2012 | 06/21/2012 | Sterling Harrison |

*This summons is invalid unless served on or before its expiration date.   Cathy M. Garrett – Wayne County Clerk

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The docket number and assigned judge of the civil/domestic relations action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| 12-004009 CZ | John Gillis | P 28527 |

The action ☐ remains  ☐ is no longer  pending.

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

Date: 3/27/2012   Signature of attorney/plaintiff   P14570

**COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.**

If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangement.

FORM NO. WC101
REV. (3-98)   MC 01 (10/97)   SUMMONS AND RETURN OF SERVICE   MCR 2.102(B)(11), MCR 2.104, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206 (A)
DEFENDANT

For best results, use a felt pen

# RETURN OF SERVICE

Case No.

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NON-SERVICE

☐ **OFFICER CERTIFICATE**
I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party [MCR 2.104(A)(2)], and that: (notary not required)

**OR**

☐ **AFFIDAVIT OF PROCESS SERVER**
Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notary required)

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,

together with _____
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ After diligent search and inquiry, I have been unable to find and serve the following defendant(s):

_____

I have made the following efforts in attempting to serve the defendant(s): _____

☐ I have personally attempted to serve the summons and complaint, together with _____ Attachment
on _____ Name
at _____ Address
and have been unable to complete service because the address was incorrect at the time of filing.

| Service fee $ | Miles traveled | Mileage fee $ | Total fee $ | Signature |
|---|---|---|---|---|
| | | | | Title |

Subscribed and sworn to before me on _____ Date , _____ County, Michigan.

My commission expires: _____ Date   Signature: _____ Deputy court clerk/Notary public

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____ Attachments

on _____ Day, date, time on behalf of _____

Signature

STATE OF MICHIGAN

IN THE 3RD CIRCUIT FOR THE COUNTY OF WAYNE

FRED TRAVIS,

    Plaintiff,

-vs-                              Case No.

ADT SECURITY SERVICES, INC.,
and JOHN DOE,

    Defendants.

TRAVIS, FRED v ADT SECURITY SERVI  CZ
Hon. John H. Gillis, Jr.  03/22/2012

12-004009-CZ

ROBERT L. HAMBURGER (P14570)
Attorney for Plaintiff
5120 Simpson Lake Road
West Bloomfield, MI 48323
(248) 496-7677

## COMPLAINT

NOW COMES FRED TRAVIS, by and through retained counsel, ROBERT L. HAMBURGER, and hereby states as his COMPLAINT against the Defendant-Security Company as follows:

## COUNT I
## BREACH OF CONTRACT

1. That on or about March 15, 2011, that Fred Travis entered into a written security contract with the Defendant-ADT Security Services, Inc. Said written contract was agreed upon at the "protected premises" being 13060 Killbourne, City of Detroit, County of Wayne, State of Michigan.

2. That Plaintiff lives at said "protected premises"; and Defendant Corporation is doing business at said address in the County of Wayne.

1

3. That Defendant-Security Corporation expressly drafted the written contract, which expressly required Defendant-ADT Security to provide:

   A. Safewatch cell guard, and

   B. Extended Warranty/Quality Service Plan;

   C. Expressly agreed that in the event, an electronic monitor was "triggered" and signaled a break-in, that defendant ADT would physically send an employee to <u>verify</u> said break-in and immediately notify the local law enforcement agency.

4. That ADT's written contract clauses attempting to limit their liability constitutes a CONTRACT OF ADHESION, thereby voiding defendant's "limited" liability. The written contract form was drafted, and reduced to written form solely by defendant-Corporation and was NOT subject to debate, negotiation or modification; despite defendant-Corporations Media promises and express promises made directly to Fred Travis.

5. That defendant-Corporation was the scrivener of said written contract, such that any ambiguity must be construed against said scrivener; against defendant-ADT!

6. That on or about October 27, 2011, the ADT electronic monitoring equipment was triggered, supposedly generating a break-in response by ADT.

7. Defendant ADT agreed, under their CONTRACT, they had the DUTY to send a reliable/honest employee to the "protected premises" to conduct a thorough investigation of the premises.

8. That Defendant ADT, further had the duty to confirm and verify said break-in;

and promptly NOTIFY the law enforcement agency that the break-in was "VERIFIED."

9. That despite the fact that the ADT electronic monitoring equipment had been triggered, signaling a break-in; and further: the side door had been forcibly broken with the wooden frame being visibly shattered and broken and the door being OPEN; the ADT employee/agent at the "protected premises: told the plaintiff; FALSELY, that there was NO break-in; and NO break-in could be verified, in gross violation of the said contract.  This was AFTER the ADT dispatcher confirmed the motion detector had been set off and that she would dispatch the police to the scene!

10. That as a proximate result of defendant's breach of contract, plaintiff Fred Travis suffered actual damages of stolen monies, jewelry, automobile equipment, and electronics, totaling damages in excess of $45,000.00, his life's savings from years of work in the hair business.  That Defendant-ADT's dispatcher PROMISED to call the police and Fred Travis relied upon said promise; thereby creating ESTOPPEL.

**COUNT II**
**NEGLIGENT EMPLOYMENT**

11. That each and every paragraph 1-10 is reasserted work for word and set forth herein.

12. That Defendant-Corporation is in the SECURITY business, implicitly knowing that their customer's lives and belongings are at risk.

13. That Defendant-Corporation being in said SECURITY business, at all times

3

relevant herein had the duty to conduct background checks on all employees involved directly in security; and NOT to hire or employ dispatch agents and/or alarm responders who had a criminal history or criminal background.

14. That Defendant Corporation in hiring alarm responders did in fact make inquiries as to prospective employees criminal background; and had a DUTY not to do so in a negligent manner.

15. That Defendant-Security Corporation breached said duty by employing alarm responders who had been and were knowingly involved in burglaries and/or breaking and entering; or who had suspect backgrounds.

16. That as a proximate result of defendant-Corporations negligent employment practices, Fred Travis, who paid defendant-Corporation all their applicable security fees to provide security protection at the "protected premises," suffered extensive actual loss of his lifelong savings and property and jewelry and appliances and automotive equipment, amounting to actual damages in excess of $45,000.00 dollars.

**WHEREFORE,** Plaintiff prays for a Judgment in favor of Fred Travis and against the Defendant Corporation for an amount that is fair and consistent with the facts, for a Judgment in excess of $45,000.00.

## COUNT III
## FRAUD & RACKETEERING

17. That each and every allegation contained in paragraphs 1 through ~~15~~ 16, are reasserted and set forth herein word for word.

18. That Defendant Corporation expressly and knowingly promised to Fred Travis

4

that by signing their written contract he would be 100% protected; that Fred Travis would have "peace of mind;" and further expressly told/promised Fred Travis on October 27, 2011, that another alarm zone had gone off, meaning the motion detector had been triggered and there was in fact burglars IN THE 'PROTECTED PREMISES" and the ADT dispatcher promised to immediately dispatch the police!

19. That the local police station was located less than 5 minutes away!

20. That in complete disregard of ADT's promises and duties, defendant-Corporation's employee completely violated said promises by telling the police: the break-in was <u>NOT</u> verified[1]!  In complete disregard of the TRUTH; in violation of their duty; in concert with the criminals; to aide and abet the burglars by knowingly and falsely telling the police the burglary was NOT verified!  During all this time the burglars had the run of the "protected premises" and were carrying off Fred Travis' lifelong valuables![2]

21. That there is only one possible explanation as to why defendant-Corporations' employees would aide and abet the burglars by expressly telling the police they had not "VERIFIED" the break-in, when they had already promised Fred Travis that ADT would dispatch the police to the premises forthwith.  That the Defendant-Corporation employees were part of the burglary ring and helped the criminals by falsely telling the police false information!  ADT employees

---

[1]Which means do NOT send police to the protected premises!

[2]Confirmed by next door neighbor!

knew there was a burglary in progress, yet incredulously told the police that the burglary/break-in was NOT verified–a FALSEHOOD to aide and abet the criminals.

22. That as a proximate result of defendant-Corporations gross negligence and criminal racketeering, and said employees conduct in aiding the burglars in criminal violation of the law of the State of Michigan; defendant's are jointly liable for pain and suffering; exemplary and actual damages, in an amount which will fairly grant justice to Fred Travis, for a verdict in favor of Fred Travis and against Defendant-Corporation and their ADT employee, for an amount in excess of 2.6 Million dollars.

**WHEREFORE**, Plaintiff Fred Travis prays this Honorable Court will follow the law and grant justice to Fred Travis and award a Judgment in his favor and against Defendants-ADT Security Services, Inc. And John Doe, ADT employee, in a fair and just amount in excess of $2.6 Million dollars.

Respectfully submitted,

_____
TEAM HAMBURGER, PLLC
ROBERT L. HAMBURGER (P14570)
Attorney for Plaintiff
5120 Simpson Lake Road
West Bloomfield, MI 48323
(248) 496-7677

Dated:  February 21, 2012

6