**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN (DETROIT)**

| | |
|---|---|
| FRED TRAVIS,<br><br>       Plaintiff,<br><br>v.<br><br>ADT SECURITY SERVICES, INC. and JOHN DOE,<br><br>       Defendants. | CASE NO. 2:12-CV-11822<br><br>JUDGE PAUL D. BORMAN<br><br>MAGISTRATE JUDGE R. STEVEN WHALEN |

**ADT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Travis initially alleged in his Complaint that because the Contract attempts to limit ADT's liability, it constitutes an adhesion contract. But now, faced with this Court's recent decisions enforcing similar limitation-of-liability provisions, Travis alleges that his version of the Contract never contained the provision. Regardless of his inconsistent allegations, Travis acknowledged when he signed the Contract that he had read and understood the limitation-of-liability provision. The Court should therefore enforce the limitation-of-liability provision and limit Travis's recoverable damages to the agreed-upon amount.

Moreover, Travis's negligent-hiring claim fails because Michigan requires a physical act that results in a physical injury. Travis failed to allege that any physical act by an ADT employee caused a physical injury.

Finally, Travis bases his fraud allegations on what an ADT dispatcher told Travis he was going to do in the future: call the police if and when an ADT patrol officer verified the burglary. Because the patrol officer found no signs of a burglary, the ADT dispatcher did not call the police. Thus, even accepting his fraud allegations as true at this stage, those allegations, at most, may constitute a breach of ADT's contractual duties; they do not constitute fraud. The Court

should therefore limit Travis's liability in accordance with the Contract's terms and dismiss with prejudice Travis's tort and fraud claims.

I.  **The Contract and Travis's own allegations doom his attempt to void the limitation-of-liability provision.**

Following ADT's reliance in its Motion to Dismiss on the Contract's limitation-of-liability provision, Travis alleges that the provision does not apply because the Contract he signed only contained four pages as opposed to the six-page Contract that ADT attached to its motion. Opp. at 9 (Doc. 7). Travis's argument that the limitation-of-liability provision does not apply fails for two reasons.

First, the Contract makes clear that Travis read and understood the Terms and Conditions, including the limitation-of-liability provision (paragraph six):

> **YOU ACKNOWLEDGE AND ADMIT THAT BEFORE SIGNING YOU HAVE READ THE FRONT AND BACK OF THIS PAGE IN ADDITION TO THE ATTACHED PAGES WHICH CONTAIN IMPORTANT TERMS AND CONDITIONS FOR THIS CONTRACT. YOU STATE THAT YOU UNDERSTAND ALL THE TERMS AND CONDITIONS OF THIS CONTRACT, INCLUDING, BUT NOT LIMITED TO, PARAGRAPHS 5, 6, 7, 8, 9, 10 AND 22."**

Contract, p. 1 (emphasis in original) (Ex. A to ADT's Motion to Dismiss (Doc. 3)). Travis cannot now void the limitation-of-liability provision by claiming that a provision he acknowledged that he read and understood was not in the Contract. *See Constr. Fasteners, Inc. v. Digital Equip. Co.,* No. 185679, 1996 WL 33348735, at *2 (Mich. Ct. App. Oct. 22, 1996) (rejecting the same "no attachment" argument raised here, observing that "[w]here additional documents or terms are made part of a written contract by reference, the parties are bound by those additional terms even if they have never seen them," and concluding that "[a]lthough the standard terms and conditions were not attached to the letter of authorization, plaintiff was put on

notice that they were incorporated by reference" and "will not be heard to claim that those terms were not applicable").

Second, Travis's Complaint undermines his argument that the Contract he agreed to did not contain the limitation-of-liability provision because his Complaint alleges exactly the opposite: "That ADT's written contract clauses attempting to limit their liability constitutes a CONTRACT OF ADHESION, thereby voiding defendant's 'limited' liability." Compl. ¶ 4 (Doc. 1-1) (emphasis in original). Thus, from the outset of this lawsuit, Travis has attempted to avoid the limitation-of-liability's effect on his claims. First, he alleged that the limitation-of-liability provision in the Contract constituted an adhesion contract. And now, after ADT cited recent instances of this Court enforcing similar limitation-of-liability provisions,[1] Travis attempts to avoid his contractual obligations by claiming that his version of the Contract never contained the provision. But this new, inconsistent allegation is irrelevant because as noted above, Travis acknowledged that he read and understood the limitation-of-liability provision.

The Court should therefore enforce the limitation-of-liability provision and limit Travis's recoverable damages to $500.

## II. The Court should dismiss Travis's negligent-hiring claim because he failed to plead the requisite physical act and physical injury.

Despite his disagreement with ADT's argument that a negligent-hiring claim requires a physical injury or at least a threat of physical injury, Travis did not cite a single case (federal or state) holding otherwise. Nor can he. Twice in the last year alone, this Court has stated that "Michigan has never recognized a claim for negligent hiring by holding an employer liable for an employee's acts resulting in economic injury or for any kind of fraudulent acts." *Fremont*

---

[1] *See* ADT's Memo. in Supp. of its Mot. to Dismiss at 12-14 (Doc. 3) (*citing Ram Int'l v. ADT Sec. Servs., Inc.*, No. 11-10259, 2011 WL 5244936, at *6 (E.D. Mich. Nov. 3, 2011); *Spengler v. ADT Sec. Servs., Inc.*, No. 06-CV-10036, 2006 WL 3004088 (E.D. Mich. Oct. 20, 2006) *aff'd*, 505 F.3d 456 (6th Cir. 2007)).

*Reorganizing Corp. v. Duke*, 811 F. Supp. 2d 1323, 1344 (E.D. Mich. 2011) *reconsideration denied*, 10-11923, 2011 WL 5024573 (E.D. Mich. Oct. 20, 2011); *Stacy v. H & R Block Tax Servs., Inc.*, No. 07-13327, 2011 WL 3566384, at *2 (E.D. Mich. Aug. 12, 2011); *see also Dudley v. Thomas*, No. 08-14017, 2009 WL 1620413, at *3 (E.D. Mich. June 9, 2009) ("The tort of negligent supervision applies to the liability of an employer for a threat of physical injury by an employee to a third person.").

Travis does not allege that an ADT employee committed or threatened a physical act and Travis suffered a physical injury. He therefore failed to adequately plead a negligent-employment claim.

To the extent Travis asserts an ordinary negligence claim alleging that ADT failed to properly fulfill its contractual obligations, his claims are barred because no common law duty exists that requires ADT to monitor and investigate a burglary alarm. Indeed, in *Spengler*, the Sixth Circuit Court of Appeals made clear that duties incident to a contract do not give rise to a separate duty in tort: "ADT's obligation to promptly and correctly dispatch EMS emanated *only from the contract*, not Michigan common law, and thus no tort claim is available." 505 F.3d at 458 (emphasis added); *see also Ram*, 2011 WL 5244936, at *4 (dismissing plaintiffs' negligence and gross-negligence claims premised on ADT's alleged failure to perform its contractual obligations because "[t]he Michigan Supreme Court has held that a tort action will not lie when based solely on the nonperformance of a contractual duty") (internal quotation marks omitted). Thus, for a tort duty to arise out of a contractual relationship, there must be a breach of duty distinct from a breach of contract. *See Hart v. Ludwig,* 347 Mich. 559, 563, 79 N.W.2d 895 (1956). Here, as in *Spengler* and *Ram*, the duty to monitor and investigate a burglary alarm is a

contractual duty; no credible argument can be made that such duty is separate and distinct from the Contract.

Thus, regardless of whether Travis asserts a claim for negligence or negligent hiring, the Court should accordingly dismiss it with prejudice.

### III. The Court should dismiss Travis's remaining fraud[2] claim because a promise of future performance does not amount to fraud.

Travis alleges that an ADT dispatcher received an alarm from Travis's premises and told Travis that he would notify the police. Compl. ¶ 7 (Doc 1-1). But before doing so, ADT dispatched its own patrol officer to verify the alarm; an action ADT was contractually obligated to do. *See id.* at ¶ 3.C. (ADT "expressly agreed that in the event, an electronic monitor was 'triggered' and signaled a break-in, that defendant ADT would physically send an employee to verify said break-in and immediately notify the local law enforcement agency") (emphasis in original) (Doc. 1-1). Because the patrol officer told the ADT dispatcher that he could not verify the alarm, the dispatcher did not notify the police. *Id.* at ¶ 9.

The ADT dispatcher's statement that he would call the place does not constitute a fraudulent representation because it is not a statement about the past or even the present. In Michigan, fraud "must be predicated upon a statement relating to a past or an existing fact. Future promises are contractual and do not constitute fraud." *Hi-Way Motor Co. v. Int'l Harvester Co.*, 398 Mich. 330, 336, 247 N.W.2d 813, 816 (1976). And as this Court recently noted, a representation that relates to the future (*i.e.,* if your alarm is verified, I will call the police) sounds in contract, not tort:

> Since fraud must relate to facts then existing or which have previously existed, the general rule is that fraud cannot be predicated upon statements promissory in their

---

[2] Although Travis initially pled two fraud claims, he has since agreed to dismiss one. Opp. at 4 ("Plaintiff will stipulate to dismiss his cause of action for fraud based upon statements made by an ADT representative at the time the contract was signed") (Doc. 7).

> nature and relating to future actions, nor upon the mere failure to perform a promise, or an agreement to do something at a future time, or to make good subsequent conditions which have been assured. Nor, it is held, is such nonperformance alone even evidence of fraud. Reasons given for this rule are that a mere promise to perform an act in the future is not, in a legal sense, a representation, and a failure to perform it does not change its character. Moreover, a representation that something will be done in the future, or a promise to do it, from its nature cannot be true or false at the time it was made. The failure to make it good is merely a breach of contract, which must be enforced by an action on the contract, if at all.

*Bye v. Nationwide Mut. Ins. Co.*, 733 F. Supp. 2d 805, 819-20 (E.D. Mich. 2010), *reconsideration denied* (Oct. 10, 2010) (*quoting Cook v. Little Caesar Enter., Inc.,* 972 F. Supp. 400, 410 (E.D. Mich. 1997) *aff'd,* 210 F.3d 653 (6th Cir. 2000)).

The ADT dispatcher's statement to Travis that he would contact the police was a promise of a future intent to perform based upon a condition precedent (that the patrol officer verified an actual burglary), not a statement relating to a past or an existing fact. As a result, the dispatcher's statement does not constitute fraud. Likewise, the patrol officer's alleged failure to properly investigate the premises and verify signs of a break-in constitute, at most, a failure to perform ADT's contractual obligations; it does not amount to fraud. The Court should therefore dismiss with prejudice Travis's remaining fraud claim.[3]

### IV. Because Travis failed to adequately plead multiple predicate acts of fraud, his racketeering claim fails.

In pleading a pattern of racketeering activity, at least two predicate acts are necessary, although not necessarily sufficient. *Brown v. Cassens Transp. Co.*, 546 F.3d 347, 354 (6th Cir.

---

[3] The Court should also dismiss Travis's remaining fraud claim because he failed to satisfy Rule 9(b)'s pleading requirements. *See* ADT's Memo. in Sup. of its Mot. to Dismiss at 10-11 (Doc. 3) (*citing Braxton v. Scottish Guar. Ins. Co.*, No. 184751, 1997 WL 33354534, at *3 (Mich. Ct. App. Jan. 17, 1997) (finding that plaintiffs "scant RICO allegations fail to specifically and particularly allege the existence of . . . fraud as a predicate act. . . . The complaint reads as if plaintiffs are claiming breach of contract or fraud, not a pattern of racketeering activity. Plaintiffs' allegations are merely conclusory statements . . . ."); *Ram Int'l v. ADT Sec. Servs., Inc.*, No. 11-10259, 2011 WL 5244936, at *6 (E.D. Mich. Nov. 3, 2011) (dismissing fraud claims containing many more facts than Travis's fraud claim for failure to satisfy Rule 9(b)'s heightened-pleading requirements)).

2008) (citing *H.J. Inc. v. Nw. Bell Tel. Co.,* 492 U.S. 229, 238-43 (1989)). Travis agreed to voluntarily dismiss one of his two fraud claims. Opp. at 4 (Doc. 7). Therefore, regardless of whether his remaining fraud claim survives scrutiny, his racketeering claim fails because a single predicate act does not support a racketeering claim. *See id.* The Court should therefore dismiss with prejudice Travis's racketeering claim.

## V. Conclusion

Travis acknowledged that he had read and understood the Contract's limitation-of-liability provision. So at most, Travis can recover $500 from ADT. He cannot recover damages under his fraud claim because ADT's alleged statement that it would notify the police if the burglary was verified constituted a promise to perform an act in the future, which does not amount to fraud. And if, as Travis alleges, the patrol officer failed to properly investigate Travis's premises and verify a break-in, that conduct constitutes, at most, a breach of contract, which is subject to the limitation-of-liability provision. Finally, Travis failed to point to any case law permitting a plaintiff who suffered no physical injury to recover in a negligent-hiring claim. The Court should therefore limit Travis's recoverable damages and dismiss his tort, fraud, and racketeering claims.

Dated: July 3, 2012                                   Respectfully submitted,

                                                                SHOOK, HARDY & BACON LLP

                                                                By:   s/ Charles C. Eblen
                                                                     Charles C. Eblen
                                                                     Aaron K. Kirkland, Admission pending
                                                                     2555 Grand Boulevard
                                                                     Kansas City, MO 64108
                                                                     Telephone:  816-474-6550
                                                                     Facsimile:  816-521-5547
                                                                     ceblen@shb.com
                                                                     akirkland@shb.com
                                                     *Attorneys for Defendant ADT Security Services, Inc.*

-8-

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 3rd day of July, 2012, the foregoing was presented to the Clerk of Court for filing and uploading to the CM/ECF system, and a true and correct copy was served via Federal Express overnight delivery upon the following counsel of record:

Robert L. Hamburger
TEAM HAMBURGER, PLLC
5120 Simpson Lake Road
West Bloomfield, MI  48323
Telephone:  248-496-7677
robertlhamburger@aol.com

*Attorneys for Plaintiff*
*Fred Travis*

                                      s/ Charles C. Eblen
                                      *Attorneys for Defendant*
                                      *ADT Security Services, Inc*.